IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| E&G, INC., a West Virginia corporation, individually and as the representative of a class of similarly-sutated persons, | Case No. 17-cv-1011 |
| Plaintiff, | Judge Jorge L. Alonso |
| v. | |
| AMERICAN HOTEL REGISTER COMPANY, an Illinois Corporation and JOHN DOES 1-5, | |
| Defendants. | |

**DEFENDANT'S MOTION TO STAY DISCOVERY AND FOR A PROTECTIVE ORDER**

NOW COMES the Defendant, American Hotel Register Company ("American Hotel"), by their attorneys, David M. Schultz and John P. Ryan, to move this Court pursuant to Fed. R. Civ. P. 26 to stay discovery and for a protective order pending the Court's ruling on Defendant's motion to strike plaintiff's class allegations. In support of its motion to stay discovery and for a protective order, Defendant states as follows:

## INTRODUCTION

1. Defendant filed a motion to strike Plaintiff's class allegations on March 24, 2017. *See* Dkt#14. Plaintiff seeks to proceed with discovery from Defendant and third-parties regarding its alleged class allegation despite Defendant's pending dispositve motion against Plaintiff's class allegations.

2. Defendant's motion to strike rests purely on legal arguments for which discovery is not required. *See* Dkt#14. Defendant argues in its motion to strike that Plaintiff's class allegations qualify as an improper "fail-safe" class, as the plaintiff must be able to state a TCPA claim to qualify as a class member. *Id.* Defendant additionally argues that the proposed class is

insufficiently plead under Rule 23(b)(2) because the primary relief sought is money damages, not injunctive relief. *Id.* Lastly, Defendant argued that the overly broad class definition should be stricken because the class fails to meet the typicality requirement in that it: a) includes putative class members who received entirely different faxes under entirely different circumstances; and b) the claims of the Plaintiff and the putative class members do not share the same essential characteristics. *Id.*

3. Our experience in dealing with TCPA class actions has shown that discovery requests under the TCPA are extraordinarily detailed and complex due to the technological nature of the claims. TCPA claims involve discovery into electronically stored information. Such intensive, costly, and time-consuming discovery is therefore inappropriate (and inefficient) while a motion to strike the class is pending. Defendant raised this issue in its motion to strike, by asking the court to resolve the issue before the parties are to proceed into expensive TCPA class discovery.

4. Plaintiff propounded written discovery upon the Defendant, served a subpoena on a third-party regarding the class and requests the deposition of the fax broadcaster. These requests show the intensive, costly, and time-consuming discovery that Plaintiff seeks even though Defendant has a pending dispositive motion as to the class.

5. Plaintiff issued 53 separate requests for production of documents (not including subparts). *See* Ex. A. The requests also contains 32 separate paragraphs for definitions and instructions. Additionally, Plaintiff also served interrogatories and requests for admit. *Id.*

6. Plaintiff also seeks to travel to Denver, Colorado for the deposition of the fax broadcaster.

7. Critically, at this point in the case, Plaintiff cannot make a logical argument as to how discovery would be necessary to ascertain facts relevant to the legal question of whether its class allegations are sufficient a matter of law. Any facts that could be discovered would have no bearing on the pending dispositive motion before the Court.

8. The requests contained in Plaintiff's subpoena to a third-party named Western Printing shows that Plaintiff knows that Wyndham (the Plaintiff's franchisor) contracted with Western Printing, Inc. which in turn contracted with Westfax to send the fax at issue. *See* Ex. B.

## ARGUMENT

### I. It Is Well Established That This Court Can Stay Discovery While A Dispositive Motion Is Pending

9. Defendant's motion to stay should be granted because the Federal Rules of Civil Procedure allow this Court to protect Defendant from the expense, undue burden and annoyance of having to respond to voluminous class discovery under the TCPA while Defendant has a motion pending that could dispose of a significant aspect of the litigation. It could prove to be a waste of judicial and party resources to require discovery to proceed with discovery regarding Plaintiff's alleged class while Defendant's dispositive motion on the issue of Plaintiff's class allegations is pending.

10. "It is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." *Sibley v. U.S. Supreme Court*, 786 F.Supp.2d 338, 346 (D.D.C. 2011) (quoting, *Institut Pasteur v. Chiron Corp.*, 315 F.Supp.2d 33, 37 (D.D.C. 2004)). District courts enjoy broad discretion in controlling discovery. *Central States, Southeast and Southwest Areas Pension Fund v. Waste Management of Michigan, Inc.*, 674 F.3d 630, 636 (7th Cir. 2012). Controlling discovery includes managing the timing, extent, frequency and manner of discovery. *Nexstar Broadcasting, Inc. v. Granite*

*Broadcasting Corp.*, 2011 WL 4345432, *2 (N.D. Ind. Sept. 15, 2011); *Bilal v. Wolf*, 2007 WL 1687253, at *1 (N.D. Ill. June 6, 2007).

11. "Pursuant to Federal Rule of Civil Procedure 26(c) and (d), a court may limit the scope and sequence of discovery." *Duneland Dialysis LLC v. Anthem Ins. Co., Inc.*, 2010 WL 1418392, *2 (N.D. Ind. Apr. 6, 2010). Rule 26(c) allows this Court to issue an order to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Further, Rule 26(d) authorizes this Court to dictate the timing and sequence of discovery. Stays of discovery pending a ruling from a Court on a dispositive motion are granted "with substantial frequency." *Bilal*, 2007 WL 1687253, at *1.

12. Defendant's motion to strike can potentially resolve this case or at the very least resolve a threshold issue which will likely end the litigation or dramatically narrow the scope of it. Defendant therefore respectfully asks the Court to exercise its discretion to stay discovery in this matter until the parties are at issue in regard to the alleged class allegations.

13. Plaintiff proposed a broad class, which can never be certified, and its discovery requests seek information on this improper class. The parties will perform unnecessary, burdensome, and expensive TCPA discovery on a case wherein the class definition will be narrowed, and maybe eliminated in its entirety. *See Beck v. Dobrowski*, 559 F.3d 680, 682 (7th Cir. 2009) ("[*Twombly*] teaches that a defendant should not be burdened with the heavy costs of pretrial discovery that are likely to be incurred in a complex case unless the complaint indicates that plaintiff's case is a substantial one."); *see also Jupiter Aluminum Corporation v. Sabaitis*, 2016 WL 4764951 (N.D. Ind. Sept. 13, 2016) *citing Limestone Dev. Corp. v. Village of Lemont, Illinois*, 520 F.3d 797, 803 (7th Cir. 2008) ("the defendant should not be put to the expense of big-case discovery on the basis of a threadbare claim.").

14. A nationwide putative class action that includes burdensome TCPA discovery and class discovery certainly qualifies as a complex for these purposes, so following *Beck*, *Limestone*, and *Jupiter Aluminum*, this Court should also stay discovery. *See Hill v. Chase Bank, NA*, 2007 WL 4224073, at *5 (N.D. Ind. Nov. 26, 2007) (the court stayed discovery for the class claims arising under TILA pending the court's ruling on defendant's motion to dismiss). All of the costs of discovery (including extensive electronic discovery) can be avoided if the Court rules on Defendant's motion to strike the class allegations prior to allowing discovery to begin. *Jones v. Weis*, 2009 WL 1675934, *2 (N.D. Ill. June 11, 2009) ("[t]he more complex the case and more costly the potential discovery, the more detail that will be required to satisfy the plausibility requirement"). *See Chudasama*, 123 F.3d at 1367-68 (discovery imposes costs on the litigants and the judicial system, so facial challenges to the legal sufficiency of a claim should be resolved before discovery begins. "If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided"); *see also Sommerfield v. City of Chicago*, 613 F.Supp.2d 1004 (N.D. Ill. 2009).

15. Substantially similar issues were addressed by Judge Gettleman in *Cholly v. Uptain Group, Inc.*, 15-cv-5030, 2017 WL 449176 (N.D.Ill. Feb. 1, 2017). The plaintiff filed a complaint wherein she sought to represent a nationwide TCPA class. *Id.* Judge Gettleman stayed discovery while the parties briefed and the Court ruled on the defendants' motion to strike plaintiff's originally proposed class. Thereafter, he granted the defendants motion to strike in part. *Cholly v. Uptain Group, Inc.*, 15-cv-5030, 2015 WL 9315557 (N.D.Ill. Dec. 22, 2015).[1] Plaintiff filed amended complaint and again sought costly class discovery. The defendants filed another motion to strike the proposed class. The Court ordered defendants to provide the plaintiff

---

[1] The defendant also moved to dismiss the complaint but that motion was denied in part.

with documents relating to the issue of consent because plaintiff argued that she did not provide the defendants with her consent.

16. The documents showed that consent was at issue for the plaintiff's claim, so the Court granted the defendants' motion to strike and ordered that the case could only proceed on an individual basis. *Cholly v. Uptain Group, Inc.*, 15-cv-5030, 2017 WL 449176, *3 (N.D.Ill. Feb. 1, 2017). The Seventh Circuit subsequently denied the plaintiff's Rule 23(f) petition. *Cholly v. Uptain Group, Inc.*, No. 17-8002 (March 24, 2017).

17. Plaintiff in this case, like the plaintiff in *Cholly*, seeks to represent a nationwide TCPA class. Plaintiff also like the *Cholly* plaintiff alleged that it did not provide Defendant with its consent. Plaintiff noticeably leaves out any reference to Wyndham even though it was Wyndham that had the fax sent. Further, Plaintiff does not allege that it did not provide Wyndham (it's franchisor) with its consent.

18. To the extent that Plaintiff attempts to argue that the issue of consent does not hamper its ability to represent a class on the opt-out language, Plaintiff is wrong because the Court of Appeals for the D.C. Circuit just vacated the FCC's order which mandated opt-out language appear on faxes which were sent with consent. *Bais Yaakov of Spring Valley v. F.C.C.*, No. 14-1234, (D.C. Cir. March 31, 2007) (attached hereto as exhibit C).

19. In order to save both of the parties and the Court substantial time, fees, and costs, this Court should stay Discovery in this matter until the Defendant's motion to strike the Plaintiff's class allegations is resolved.

6

WHEREFORE, Defendant, American Hotel Register Company respectfully asks this Court to enter an order staying discovery until further Order of the Court which would be sometime after the Court renders an opinion on Defendant's motion to strike the class allegations and/or enter any other relief to Defendant that the Court deems equitable and just.

April 5, 2017

        Respectfully submitted,

        American Hotel Register Company

        By: */s/ John P. Ryan*
        One of Its Attorneys

        David M. Schultz
        John P. Ryan
        HINSHAW & CULBERTSON LLP
        222 N. LaSalle Street, Suite 300
        Chicago, IL 60601
        Telephone: 312-704-3000
        Facsimile: 312-704-3001
        jryan@hinshawlaw.com
        dschultz@hinshawlaw.com

## CERTIFICATE OF SERVICE

On April 5, 2017, Defendant American Hotel Register Company filed the foregoing electronically using the Court's Electronic Case Filing System. Notice of this filing will be sent electronically to all counsel of record using the Court's electronic notification system.

        */s/ John P. Ryan*
        John P. Ryan

131681776v1 0996004