# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| E & G, INC., a West Virginia corporation, individually and as the representative of a class of similarly-situated persons, | ) ) ) | |
| | ) | |
| Plaintiff, | ) ) | Civil Action No. 1:17-cv-01011 |
| v. | ) ) | **CLASS ACTION** |
| | ) | |
| AMERICAN HOTEL REGISTER COMPANY, an Illinois corporation, and JOHN DOES 1-5, | ) ) ) | Hon. Jorge L. Alonso |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT

**COMES NOW** Plaintiff and in accordance with Rule 34 of the Federal Rules of Civil Procedure hereby requests that Defendant, AMERICAN HOTEL REGISTER COMPANY, respond to the following requests for production of documents, within thirty (30) days after service of this document upon it, or sooner if the court so orders.

### DEFINITIONS AND INSTRUCTIONS

1.      Unless stated otherwise, these Requests cover the time period running from four years prior to the date of filing of the Complaint in this matter through trial in this action.

2.      The term "Relevant Time Period" means the time period running from four years prior to the date of filing of the Complaint in this action to present.

3.      A request to "fully identify" any person means to state that person's full name, including middle name and suffixes, current address, and current telephone number. If either a current address or current telephone number is not known, a request to "fully identify" any person means to state all known addresses (including former addresses) and phone numbers for such person, that

1

person's date of birth, and any other information in your possession that may assist in contacting that person or in differentiating that person from a list of persons with a similar name.

4.    "You" or "Your" means the person or entity responding to these requests, including any of your or anyone you have engaged or retained in any way to send documents by fax.

5.    "Prior express invitation or permission" has the same meaning as used in 47 U.S.C. § 227(a)(5).

6.    "Established business relationship" or "EBR" has the same meaning as used in 47 U.S.C. § 227(a)(2).

7.    "Communication" means any exchange of information, whether orally or in writing, and includes, but is not limited to, telephonic communication, audiovisual communication, radio transmission, television transmission, data transmission, and any and all forms of written information and documents.

8.    "Sent" or "send" means sent or send as used or defined or in the same context as the term sent is used in the Telephone Consumer Protection Act, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227 et seq.

9.    "Fax" means facsimiles as used in the same context as the term sent is used in the Telephone Consumer Protection Act, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227 et seq.

10.    "Document" means anything in or upon which information may be fixed and can be perceived, reproduced or otherwise communicated, with or without the aid of any machine or device and regardless of the medium of expression in which the information is fixed (e.g., print, video, audio, computer diskette, magnetic tape), including but not limited to, the following: contracts, agreements, electronic mail, insurance plans, insurance policies, papers, photographs,

2

tape recordings, transcripts, computer diskettes, computer drives, hard drives, mainframes or any other kind of database or data stored in a computer in any manner (including any metadata and coding information necessary to gain access to any such computer information), videotapes, documents filed with any state or federal regulatory or administrative agency or entity, annual reports, shareholder agreements, letters, correspondence, memoranda, diaries, journals, corporate forms, faxes, telegrams, photographs, court papers, financial reports, financial statements, annual reports, checks, check books, check stubs, check statements, bank statements, deposit slips, journals, general and subsidiary ledgers, worksheets, accounts, bills, promissory notes, invoices, punch cards, purchase orders, acknowledgments, authorizations, sales slips, receipts, shipping papers, telex and other teletype communications, computer printouts, any other printout sheets, movie film, slides, microfilm, reports (including appraisal reports), studies, summaries, minutes of meetings, minute books, circulars, notes (whether typewritten, handwritten or otherwise), agendas, bulletins, notices, announcements, proofs, sheets, instructions, charts, tables, manuals, brochures, magazines, pamphlets, lists, visitors' logs, schedules, price lists, engineering and/or architectural drawings, sketches, plans, blueprints, specifications, diagrams, drafts, books and records, desk calendars, notebooks, registers, appointment books, budgets, analyses, projections, tax returns and all other data compilations from which information can be obtained or translated, regardless of whether such materials are in your possession or are in the possession of your present or former officers, agents, servants, employees, representatives, attorneys, or other persons acting on their behalf or within your control.  The term "document" also includes any and all drafts and copies of any of the foregoing materials that do not conform to the original or final version in any way, in that they contain any mark, alteration or additional writing or other change from the original or final version. Documents including all metadata typically stored electronically, that

3

describe the characteristics, origins, usage and validity of other electronic evidence including information describing the history, tracking, or management of said electronic evidence. When producing electronic documents, the production should be in native electronic form and include all metadata.

11.     "Person" refers to individuals, partnerships, associations, corporations, governmental bodies, agents, entities and/or individuals authorized to act on behalf of Defendant and any and all subparts (e.g., subsidiaries, agencies, or departments) of any such person or entity.

12.     "Meeting" refers to any gathering of two or more persons where any face-to-face oral communication takes place or any written communication is exchanged by hand.

13.     "Contact" means any meeting, communication, signaling, or interaction of persons, by whatever means made or done, regardless of whether an exchange of information took place.

14.     "Thing" refers to all material within the broadest permissible meaning of the word.

15.     "Concerning" means relating, referring to, describing, evidencing or constituting.

16.     "Referring or relating" means to make a statement about, discuss, describe, show, reflect, concern, identify, constitute, consist of, or pertain to, in whole or in part, the subject.

17.     "Exhibit A" refers to the one separate fax attached as Exhibit A to Plaintiff's Complaint. Each fax comprising Exhibit A constitutes a separate document for purposes of Plaintiff's discovery requests. "Exhibit A" refers to document number 1-1 page 2 of 2.

18.     Any undefined word or term is to be understood according to its commonly accepted meaning. Please consult with Plaintiff's counsel in the event you or your counsel has difficulty understanding the meaning of any term as it is used in these Requests.

19.     Singular nouns and pronouns shall be deemed to include their plurals and plural nouns and pronouns shall be deemed to include their singulars.

20.     All nouns and pronouns used herein shall be deemed to be gender neutral and to include all persons regardless of sex.

21.     You are instructed to produce all requested documents that are in its possession, custody, or control, including (by way of illustration only and not limited to) documents in the possession, custody, or control of its affiliates or merged or acquired predecessors; its present or former directors, officers, partners, employees, attorneys, or other agents; its present or former independent contractors over which it has control; and any other person acting on Defendant's behalf.

22.     All documents should be produced in their original folders, binders, or boxes, in the same order in which they are kept in the ordinary course of business, and shall be labeled to show their source (e.g., "from Mr. Smith's desk").

23.     If you do not produce a document requested below because it is not in your possession, custody, or control, then you must disclose all known information that may lead to the discovery of such documents.

24.     Documents responsive to a particular Request should be segregated, with a note fully identifying the Request to which the group of documents is responsive.  Documents produced pursuant to one Request need not be duplicated for production pursuant to a different Request.

25.     If you cannot respond to a Request in full after exercising due diligence to secure any information needed to provide an answer, please state the reason(s) for the inability to respond and describe the efforts undertaken to secure the information sought.

26.     If you object to responding to any portion of these Requests, please (a) state the legal and factual basis for each such objection, and (b) fully identify with reasonable particularity the subject matter of the information as to which Defendant believes the objection applies.

27.     If any document is withheld on grounds of privilege, work product, or otherwise, for each such response, set forth a privilege log and state the reason for withholding the response and the factual basis for such reason, with sufficient particularity to allow Plaintiff to assess the validity of the reason and, if necessary, for the court to rule on it.

28.     Notwithstanding the assertion of an objection on the ground of privilege, any purportedly privileged response containing non-privileged matter must be provided, with the purportedly privileged portion expressly redacted.

29.     If you contend that responding to a Request would impose an undue burden upon it, specify in detail how responding would impose such a burden and respond to the Request to the broadest extent possible without engaging in the activities claimed to be unduly burdensome.

30.     If you contend that any Request is overly broad, specify with precision the way in which it contends the Request is overly broad, specify what narrower interpretation of the Request would be acceptable, and then respond to the Request on the basis of such a narrower interpretation of it.

31.     If your response to a Request would be different for different time frames within the Relevant Time Period, specify each time frame for which the response would be different, and state the correct response for each such time frame.

32.     These Requests are to be considered as continuing in duration.  You are instructed to provide, by way of supplemental responses, such documents as you may hereafter obtain that will augment or otherwise modify your responses in response to these Requests.


**ANY OBJECTION BASED ON PRIVILEGE THAT IS NOT ACCOMPANIED BY A PROPER PRIVILEGE LOG ENTRY IS SUBJECT TO BEING OVERRULED WITHOUT CONSIDERATION OF THE MERITS OF THE OBJECTION.**


## DOCUMENTS REQUESTED

1.      Each different form of any document that promotes, advertises, announces, or describes the commercial availability of, or quality of, any property, goods, or services of Defendant which was sent by facsimile during the Relevant Time Period.

**RESPONSE:**

2.      All documents indicating that any person gave prior express permission or invitation to receive facsimile transmissions of any document referred to in Request No. 1.

**RESPONSE:**

3.      All documents indicating that an "Established Business Relationship" ("EBR") existed between you, on the one side, and any person to whom any facsimile transmission of any document referred to in Request No. 1 was sent, on the other side.

**RESPONSE:**

4.      All of your insurance policies, including umbrella and excess policies, which were in effect during any portion of the Relevant Time Period.

**RESPONSE:**

5.      All correspondence to you from any insurance company, broker, or agent, concerning or relating to a reservation of rights or a denial of coverage for the claims in this litigation.

**RESPONSE:**

6.      All correspondence from you to any insurance company, broker, or agent, concerning or relating to a tender of this suit, reservation of rights, or a denial of coverage for the claims in this litigation.

**RESPONSE:**

7.      If you contend Plaintiff provided prior express permission or invitation in any way to receive any document sent by fax by, or on your behalf provide all documents that evidence such consent or with regard to such consent, how it was sought or obtained.

**RESPONSE:**

8.      If you contend an EBR existed between you and Plaintiff at the time any facsimile transmission of any document sent by or on your behalf was transmitted to 304-744-4343 then all documents that evidence that such an EBR existed at that time.

**RESPONSE:**

9.     All agreements with or other documents identifying any entity that sent any document by fax, by or on behalf of you to 304-744-4343 during the Relevant Time Period.

    **RESPONSE:**

10.     Any documents, discussing, relating to, or constituting any contract or advertising agreement for fax broadcasting services during the Relevant Time Period entered into between you or any other person, on the one side, and any third party, on the other side.

    **RESPONSE:**

11.     Any documents discussing, relating to, or constituting any contract or advertising agreement for fax broadcasting services during the Relevant Time Period entered into between you or any other person, on the one side, and any third party, on the other side.

    **RESPONSE:**

12.     All documents exchanged between you or any other person and any third party regarding the fax broadcasting services provided by that third party to you during the Relevant Time Period.

    **RESPONSE:**

13.     All records, invoices, receipts, or other documents showing any fees or sums of money paid by you or any other person to any third party, for fax broadcasting services rendered by that third party to you or any other person during the Relevant Time Period.

    **RESPONSE:**

14.     For any document referred to in Request No. 1, all documents that indicate or may show the number of the transmissions, via facsimile by or on behalf of Defendant to telephone numbers during the Relevant Time Period.

    **RESPONSE:**

15.     All telephone records that identify individual telephone calls for the telephone lines used to send documents by fax by or on behalf of Defendant to phone number 304-744-4343 during the Relevant Time Period.

    **RESPONSE:**

16.     All telephone records that identify individual telephone calls for each telephone line used to by fax by or on behalf of Defendant to telephone numbers during the Relevant Time Period of any document referred to in Request No. 1.

    **RESPONSE:**

17.     All telephone records and other documents concerning the ownership of and telephone provider for 800-323-5686 and 877-754-4212.

**RESPONSE:**

18.     All documents that identify the person that supplied 800-323-5686 and 877-754-4212.

**RESPONSE:**

19.     All documents which identify the number of days needed to comply with each removal or opt-out request during the Relevant Time Period.

**RESPONSE:**

20.     All documents that identify the ownership of each telephone number listed on each advertisement sent by you or any of the other Defendants or on any of the Defendants' behalf during the Relevant Time Period.

**RESPONSE:**

21.     Produce a mirror image of each hard drive, backup server, or any device used to send facsimile transmissions during the Relevant Time Period of any document referred to in Request No. 1.

**RESPONSE:**

22.     All documents that contain, refer to, set forth, or explain your policy or practice of obtaining prior express permission or invitation to send, by fax to any person, any document referred to in Request Number 1.

**RESPONSE:**

23.     All documents that contain, refer to, set forth, or explain Defendant's policies or practices regarding the sending by fax of any document referred to in Request No. 1.

**RESPONSE:**

24.     All documents that contain, refer to, set forth, or explain your policies or practices regarding the sending of any advertising or promotional material by fax.

**RESPONSE:**

25.     All documents that contain, refer to, set forth, or explain Defendant's policies or practices about maintaining a log or record showing prior express permission or invitation from any person to receive via facsimile any document referred to in Request No. 1.

9

**RESPONSE:**

26.     All documents that contain, refer to, set forth or explain Defendant's policies or practices about maintaining a log or record showing that an EBR exists between Defendant and any person, to whom were sent documents by fax, and the date and manner such EBR was formed.

**RESPONSE:**

27.     All documents that identify the persons and fax numbers which were sent by fax any document(s) by fax during the Relevant Time Period.

**RESPONSE:**

28.     All documents that identify the fax numbers which were sent any facsimile transmission of the document attached to the Complaint as Exhibit A.

**RESPONSE:**

29.     Documents that Defendant reviewed or relied upon in answering the Interrogatories or Request to Admit.

**RESPONSE:**

30.     All documents that identify the persons involved in creating any documents identified in Request No. 1.

**RESPONSE:**

31.     All documents that identify persons involved in creating any documents identified in Request Number 1.

**RESPONSE:**

32.     All documents that identify the persons involved in the decision to send by fax the document(s) attached to the Complaint as Exhibit A.

**RESPONSE:**

33.     All documents that identify persons involved in the decision to send by fax, during the Relevant Time Period, the documents identified in Request No. 1.

**RESPONSE:**

34.     All invoices, bills, purchase orders, receipts, statements, or other documents which set forth or identify the number, dates, charges, credits, offsets, or amounts owed to any third person

for the creation or sending by fax, during the Relevant Time Period, of any document referred to in Request No. 1.

**RESPONSE:**

35.    All cancelled checks, wire transfers, money orders, or any other documents evidencing any consideration used to compensate any person who was involved in the creation or sending by fax, during the Relevant Time Period, of any document referred to in Request No.1.

**RESPONSE:**

36.    All correspondence with any person who was involved in sending any documents referred to in Request No. 1 by fax during the Relevant Time Period.

**RESPONSE:**

37.    All owner's manuals, guides, instructions, specification sheets, or other form of user's manual for the device used send documents by fax, during the Relevant Time Period, of any document referred to in Request No. 1.

**RESPONSE:**

38.    All documents which describe, contain, list, set forth, or compose any part of the list of persons and/or telephone numbers to which any document referred to in Request Number 1 was sent by fax during the Relevant Time Period.

**RESPONSE:**

39.    All documents which served as a source for any part of the list of persons and/or telephone numbers to which any document referred to in Request Number 1 was sent by facsimile during the Relevant Time Period.

**RESPONSE:**

40.    All documents that describe how the list of persons and/or telephone numbers referred to in Request No. 41 was developed or obtained.

**RESPONSE:**

41.    All documents that set forth or describe your document destruction and retention policies, and which were developed in, or which were used at any time during, the Relevant Time Period.

**RESPONSE:**

42.    All documents containing communications with any person or entity, other than your attorney, regarding any complaint about or objection to any document sent by facsimile.

11

**RESPONSE:**

43.     All documents discussing, relating to, or constituting, complaints, lawsuits, or other legal action, letters of inquiry, demand letters, notices, or other forms of complaints filed against or received by you, which attempt to allege a violation of the Telephone Consumer Protection Act.

**RESPONSE:**

44.     The computer(s) and software utilized to send any document by fax identified in Request Number 1 during the Relevant Time Period.

**RESPONSE:**

46.     All documents containing communications between you and Plaintiff.

**RESPONSE:**

47.     All documents containing communications with the members of the putative class.

**RESPONSE:**

48.     A copy of all customer lists used during any portion of the Relevant Time Period.

**RESPONSE:**

49     All documents you plan to introduce into evidence at trial.

**RESPONSE:**

50.     All documents you plan to use for demonstrative purposes at trial.

**RESPONSE:**

51.     All documents you plan to use for impeachment purposes at trial.

**RESPONSE:**

52.     All documents you plans to use for rebuttal purposes at trial.

**RESPONSE:**

53.     All documents provided to any expert retained for the purposes of this litigation.

**RESPONSE:**

_____

One of Plaintiff's Attorneys

Brian J. Wanca
Ryan M. Kelly
Ross M. Good
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL  60008
Telephone:  847/368-1500
Email: bwanca@andersonwanca.com
rkelly@andersonwanca.com
rgood@andersownwanca.com

13

## CERTIFICATE OF SERVICE

I, the undersigned, state that on March 24, 2017 I served a true and correct copy of *Plaintiff's First Request for Production of Documents* on the party listed below via:

☐ U.S. mail, by depositing it in the U.S. mail at Rolling Meadows, IL, at or before 5:00 p.m., with proper postage prepaid to the address listed below

☐ Overnight delivery to the address listed below

☐ Facsimile machine from Rolling Meadows, IL, to the telephone number listed below

✔ Electronic mail to the e-mail address(es) listed below

> David M. Schultz
> John P. Ryan
> Hinshaw & Culbertson LLP
> 222 N. LaSalle Street, Suite 300
> Chicago, Illinois 60601-1081
> Facsimile: 312/704-3001
> Email: dschultz@hinshawlaw.com
> jryan@hinshawlaw.com

[X]  Under penalties as provided by law pursuant
to 28 U.S.C. § 1746(2), I certify that the
statements set forth herein are true and correct.


_____

Brian J. Wanca
Ryan M. Kelly
Ross M. Good
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
Telephone: 847/368-1500
Email: bwanca@andersonwanca.com
rkelly@andersonwanca.com
rgood@andersonwanca.com

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| E & G, INC., a West Virginia corporation, individually and as the representative of a class of similarly-situated persons, | ) ) ) |  |
|  | ) |  |
| Plaintiff, | ) | Civil Action No. 1:17-cv-01011 |
|  | ) |  |
| v. | ) | **CLASS ACTION** |
|  | ) |  |
| AMERICAN HOTEL REGISTER COMPANY, an Illinois corporation, and JOHN DOES 1-5, | ) ) ) | Hon. Jorge L. Alonso |
|  | ) |  |
| Defendants. | ) |  |

## PLAINTIFF'S FIRST REQUEST FOR DEFENDANT'S ADMISSIONS

Pursuant to Fed. Rules Civ. Proc. 36, Plaintiff requests that Defendant, AMERICAN HOTEL REGISTER COMPANY, admit or deny the following statements of fact here in within thirty (30) days of service, or sooner if the Court so orders. Plaintiff incorporates the Definitions and Instructions from Plaintiff's First Set of Interrogatories to Defendant as though fully set forth herein.

"Exhibit A" refers to the one separate fax attached as Exhibit A to Plaintiff's Complaint. "Exhibit A" refers to document number 1-1 page 2 of 2.

## STATEMENTS OF FACT TO BE ADMITTED OR DENIED

1.     Exhibit A describes the commercial availability of property, goods, or services offered by you.

**RESPONSE:**

2.      You or someone on your behalf sent Exhibit A to the telephone number 304-744-4343.

**RESPONSE:**

3.      You or someone on your behalf has sent Exhibit A to more than 40 persons in the United States.

**RESPONSE:**

4.      You or someone on your behalf has sent Exhibit A to more than 1,000 persons.

**RESPONSE:**

5.      You or someone on your behalf has sent Exhibit A to more than 5,000 persons.

**RESPONSE:**

6.      You or someone on your behalf has sent Exhibit A to more than 10,000 persons.

**RESPONSE:**

7.      You or someone on your behalf has sent Exhibit A to more than 40 telephone numbers.

**RESPONSE:**

8.      You or someone on your behalf has sent Exhibit A to more than 1,000 telephone numbers.

**RESPONSE:**

9.      You or someone on your behalf has sent Exhibit A to more than 5,000 telephone numbers.

**RESPONSE:**

10.      You or someone on your behalf has sent Exhibit A to more than 10,000 telephone numbers.

**RESPONSE:**

11.     You or someone on your or any of the Defendant's behalf did not contact Plaintiff and receive Plaintiff's express consent before sending Exhibit A to 304-744-4343.

**RESPONSE:**

12.     You or someone on your or any of the Defendants' behalf maintains a record of persons who provided prior express permission or invitation to receive advertisements by fax and the dates of their consent.

**RESPONSE:**

13.     Within a four-year period from the date of Plaintiff's original Complaint to present, you or someone on your behalf has sent advertisements on more than five (5) separate dates to telephone numbers by fax.

**RESPONSE:**

14.     Within a four-year period from the date of Plaintiff's original Complaint to present, you or someone on your behalf has sent advertisements on more than ten (10) separate dates to telephone numbers by fax.

**RESPONSE:**

15.     Within a four-year period from the date of Plaintiff's original Complaint to present, you or someone on your behalf has sent more than five (5) different advertisements to telephone numbers by fax.

**RESPONSE:**

16.     Within a four-year period from the date of Plaintiff's original Complaint to present, you or someone on your behalf has sent more than 10 different advertisements to telephone numbers by fax.

**RESPONSE:**

_____
One of Plaintiff's Attorneys

Brian J. Wanca
Ryan M. Kelly
Ross M. Good
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
Telephone: 847/368-1500
Fax: 847/368-1501
Email: bwanca@andersonwanca.com
rkelly@andersonwanca.com
rgood@andersonwanca.com

4

## CERTIFICATE OF SERVICE

I, the undersigned, state that on March 24, 2017, I served a true and correct copy of *Plaintiff's First Requests for Defendant's Admissions* on the party listed below via:

☐     U.S. mail, by depositing it in the U.S. mail at Rolling Meadows, IL, at or before 5:00 p.m., with proper postage prepaid to the address listed below

☐     Overnight delivery to the address listed below

☐     Facsimile machine from Rolling Meadows, IL, to the telephone number listed below

☑     Electronic mail to the e-mail address(es) listed below

David M. Schultz
John P. Ryan
Hinshaw & Culbertson LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois 60601-1081
Facsimile: 312/704-3001
Email: dschultz@hinshawlaw.com
jryan@hinshawlaw.com

[X] Under penalties as provided by law pursuant
to 28 U.S.C. § 1746(2), I certify that the
statements set forth herein are true and correct.

_____

Brian J. Wanca
Ryan M. Kelly
Ross M. Good
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
Telephone: 847/368-1500
Email: bwanca@andersonwanca.com
rkelly@andersonwanca.com
rgood@andersonwanca.com

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| E & G, INC., a West Virginia corporation, individually and as the representative of a class of similarly-situated persons, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:17-cv-01011 |
| | ) | |
| v. | ) | **CLASS ACTION** |
| | ) | |
| AMERICAN HOTEL REGISTER COMPANY, an Illinois corporation, and JOHN DOES 1-5, | ) ) ) | Hon. Jorge L. Alonso |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## DIRECTED TO DEFENDANT

**COMES** NOW, Plaintiff, E & G, Inc., and pursuant to Rule 33 of the Federal Rules of

Civil Procedure, hereby requests that Defendant, AMERICAN HOTEL REGISTER COMPANY,

answer fully and separately, under oath the following Interrogatories within 30 days after service

of this document upon it, or sooner if the Court so orders.

### DEFINITIONS AND INSTRUCTIONS

1.      Unless stated otherwise, these Interrogatories cover the time period running from four years

prior to the date of filing of the Complaint in this matter through trial in this action.

2.      The term "Relevant Time Period" means the time period running from four years prior to

the date of filing of the Complaint in this action to present.

3.      A request to "fully identify" any person or entity means to state that person's or entities

full name, including middle name and suffixes, current address, and current telephone number.  If

either a current address or current telephone number is not known, a request to "fully identify" any

1

person means to state all known addresses (including former addresses) and phone numbers for such person, that person's date of birth, and any other information in your possession that may assist in contacting that person or in differentiating that person from a list of persons with a similar name. "Identify" further means to state how you became aware of each such person or entity, and describe in detail the contents of all communications between you and each such person or entity.

4.      "Identify" when used with respect to a telephone line or telephone service provider means the telephone service provider for the telephone number(s), the name, address, and account number associated with the bill for that telephone line; the time period relevant to each such telephone service provider, the address where the sending telephone device was located at the time each call was made; the make, model, manufacturer, and serial number of the sending telephone device; the owner of the sending device; and the owner's telephone number.

5.      "Identify" when used with respect to the existence of an Established Business Relationship("EBR") means to state each person involved in the creation of that EBR, all facts supporting the existence of such an EBR, the date(s) on which such EBR was formed, and each person involved in maintaining a log or other record of such EBR.

6.      "Fully describe" when used with respect to fax transmission equipment or software means to state (a) the name and version of the software used on the device, (b) location of the device when used to send such transmissions, (c) the current location of the device, (d) the identity of all users of the device, (e) and the telephone numbers of each telephone line connected to the device when used to send such transmissions.

7.      "Describe in detail" with respect to Interrogatory No. 15 means to state (a) whether you came into possession of such list in any form, (b) if so, what happened to said list, (c) whether any portion of said list was obtained from a third party, and if so, from whom and what consideration

2

was exchanged in order to obtain any portion of said list, and (d) whether any portion of any such list was generated by a computer using random or sequential numbers.

8.     "Describe in detail" with respect to instructions for any lists referenced in Interrogatory No. 16 means to include (a) the area codes or states to be selected, (b) the SIC codes to be selected, and (c) any other selection or filtering criteria with respect to all such lists.

9.     "You" or "Your" means the person or entity answering these interrogatories, including any of your agents, attorneys, employees, shareholders, officers, directors, affiliates, parent companies, members, managers, subsidiaries or anyone the person or entity has engaged or retained in any way to send documents by fax.

10.    "Defendant" means AMERICAN HOTEL REGISTER COMPANY, or any of their agents, attorneys, employees, shareholders, officers, directors, affiliates, parent company, subsidiaries, managers, members, or anyone engaged or retained in any way to send documents by fax.

11.    "Prior express invitation or permission" has the same meaning as used in 47 U.S.C. § 227(a)(5).

12.    "Established business relationship" or "EBR" has the same meaning as used in 47 U.S.C. § 227(a)(2).

13.    "Communication" means any exchange of information, whether orally or in writing, and includes, but is not limited to, telephonic communication, audiovisual communication, radio transmission, television transmission, data transmission and any and all forms of written information and documents.

14.    "Sent" or "send" means "sent" or "send" as used or defined or in the same context as the term sent is used in the Telephone Consumer Protection Act, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227 et seq.

3

15.    "Fax" means facsimile as used in the same context as the term facsimile is used in the Telephone Consumer Protection Act, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227 et seq.

16.    "Document" or "Documents" means anything in or upon which information may be fixed and can be perceived, reproduced or otherwise communicated, with or without the aid of any machine or device and regardless of the medium of expression in which the information is fixed (e.g., print, video, audio, computer diskette, magnetic tape), including but not limited to, the following: contracts, agreements, electronic mail, insurance plans, insurance policies, papers, photographs, tape recordings, transcripts, computer diskettes, computer drives, hard drives, mainframes or any other kind of database or data stored in a computer in any manner (including any metadata and coding information necessary to gain access to any such computer information), videotapes, documents filed with any state or federal regulatory or administrative agency or entity, annual reports, shareholder agreements, letters, correspondence, memoranda, diaries, journals, corporate forms, faxes, telegrams, photographs, court papers, financial reports, financial statements, annual reports, checks, check books, check stubs, check statements, bank statements, deposit slips, journals, general and subsidiary ledgers, worksheets, accounts, bills, promissory notes, invoices, punch cards, purchase orders, acknowledgments, authorizations, sales slips, receipts, shipping papers, telex and other teletype communications, computer printouts, any other printout sheets, movie film, slides, microfilm, reports (including appraisal reports), studies, summaries, minutes of meetings, minute books, circulars, notes (whether typewritten, handwritten or otherwise), agendas, bulletins, notices, announcements, proofs, sheets, instructions, charts, tables, manuals, brochures, magazines, pamphlets, lists, visitors' logs, schedules, price lists, engineering and/or architectural drawings, sketches, plans, blueprints, specifications, diagrams,

drafts, books and records, desk calendars, notebooks, registers, appointment books, budgets, analyses, projections, tax returns and all other data compilations from which information can be obtained or translated, regardless of whether such materials are in your possession or are in the possession of your present or former officers, agents, servants, employees, representatives, attorneys, or other persons acting on their behalf or within your control. The term "document" also includes any and all drafts and copies of any of the foregoing materials that do not conform to the original or final version in any way, in that they contain any mark, alteration or additional writing or other change from the original or final version. Documents including all metadata typically stored electronically, that describe the characteristics, origins, usage and validity of other electronic evidence including information describing the history, tracking, or management of said electronic evidence. When producing electronic documents, the production should be in native electronic form and include all metadata.

17.     "Person" refers to individuals, partnerships, associations, corporations, governmental bodies, agents, entities and/or individuals authorized to act on behalf of you and any and all subparts (e.g., subsidiaries, agencies, or departments) of any such person or entity.

18.     "Meeting" refers to any gathering of two or more persons where any face-to-face oral communication takes place or any written communication is exchanged by hand.

19.     "Contact" means any meeting, communication, signaling, or interaction of persons, by whatever means made or done, regardless of whether an exchange of information took place.

20.     "Thing" refers to all material within the broadest permissible meaning of the word.

21.     "Concerning" means relating, referring to, describing, evidencing or constituting.

22.     "Referring or relating" means to make a statement about, discuss, describe, show, reflect, concern, identify, constitute, consist of, or pertain to, in whole or in part, the subject.

23.    "Exhibit A" refers to the one separate faxes attached as Exhibit A to Plaintiff's Complaint. Each fax comprising Exhibit A constitutes a separate document for purposes of Plaintiff's discovery requests.  "Exhibit A" refers to document number 1-1 page 2 of 2.

24.    Any undefined word or term is to be understood according to its commonly accepted meaning.  Please consult with Plaintiff's counsel in the event that you or your counsel has difficulty understanding the meaning of any term as it is used in these Interrogatories.

25.    Singular nouns and pronouns shall be deemed to include their plurals and plural nouns and pronouns shall be deemed to include their singulars.

26.    All nouns and pronouns used herein shall be deemed to be gender neutral and to include all persons regardless of sex.

27.    If you cannot respond to any Interrogatory in full after exercising due diligence to secure any information needed to provide an answer, please state the reason(s) for the inability to respond and the efforts undertaken to secure the information sought.

28.    If you object to responding to any portion of these Interrogatories, please (a) state the legal and factual basis for each such objection, and (b) fully identify with reasonable particularity the subject matter of the information to which you believe the objection applies.

29.    If any response is withheld on grounds of privilege, work product, or otherwise, for each such response, set forth a privilege log and state the reason for withholding the response and the factual basis for such reason, with sufficient particularity to allow Plaintiff to assess the validity of the reason and, if necessary, for the court to rule on it.

30.    Notwithstanding the assertion of an objection on the grounds of privilege, any purportedly privileged response containing non-privileged matter must be provided, with the purportedly privileged portion expressly redacted.

6

31.     If you contend that responding to any Interrogatory would impose an undue burden, specify in detail how responding would impose such a burden and respond to the Interrogatory to the broadest extent possible without engaging in the activities claimed to be unduly burdensome.

32.     If you contend that any Interrogatory is overly broad, specify with precision the way in which you contend the Interrogatory is overly broad, specify what narrower interpretation of the Interrogatory would be acceptable, and then respond to the Interrogatory on the basis of such a narrower interpretation of it.

33.     If your response to the Interrogatory would be different for different time frames within the Relevant Time Period, state each time frame for which the response would be different, and specify the correct response for each such time frame.

34.     These Interrogatories are to be considered as continuing in duration.  You are instructed to provide-by way of supplemental responses as such information you may hereafter obtain that will augment or otherwise modify your responses to these Interrogatories.


## INTERROGATORIES


1.     Fully identify each person involved in answering these Interrogatories, including persons who you consulted or who provided information relied on by you in answering any Interrogatory, and state the information supplied by each such person.

**ANSWER:**

2.     Identify, by date(s) sent and subject matter, all documents (including but not limited to the two faxes attached to Plaintiff's Complaint as Exhibit "A") sent by facsimile transmission during the Relevant Time Period that either (a) were used for any advertising or promotional purpose; or (b) which advertised any property, goods, or services, and describe in detail the content of each different document sent by fax and the date(s) when each different document was sent.

**ANSWER:**

7

3.      State whether any facsimile transmissions referred to in Interrogatory 2 were sent to the telephone number 304-744-4343 and/or any other telephone number during the Relevant Time Period and state the dates such transmissions were sent.

**ANSWER:**

4.      Fully identify each person who has knowledge and/or was in any way involved in the facsimile transmission(s) of any documents identified in response to Interrogatory No. 2.

**ANSWER:**

5.      Identify the telephone number(s) and telephone service provider(s) of the telephone line(s) used to send each of the faxes identified in response to Interrogatory No. 2.

**ANSWER:**

6.      If you contend an "Established Business Relationship" ("EBR") existed between you and Plaintiff (or any other person you believe was associated with telephone number 304-744-4343) at the time of any facsimile transmissions sent to telephone number 304-744-4343, then fully identify all facts supporting the existence of such alleged EBR.

**ANSWER:**

7.      Fully identify each and every person who participated in your decision to send facsimile transmissions identified in response to Interrogatory 2, including the extent and substance of each such person's participation therein.

**ANSWER:**

8.      If you or a person acting on behalf of you operated any device used to send, during the relevant time period, any facsimile transmissions referred to in Interrogatory No. 2, state (a) the number of occasions you engaged in such transmissions, and (b) for each such occasion, state the number of individual facsimile transmissions sent. If you do not know the actual number of individual transmissions sent for any occasion, state the number of transmissions requested and/or expected to be sent on that occasion and the source of such information.

**ANSWER:**

9.      If you or a person acting on your behalf operated any device used to send, during the Relevant Time Period, any facsimile transmissions referred to in Interrogatory No. 2, fully describe the equipment and/or software used,

**ANSWER:**

10.     Identify the name, address, and telephone number of each person, other than Plaintiff, with

whom you contend an EBR existed between you and such person at the time of any facsimile transmissions sent to that person.

**ANSWER:**

11.     Fully identify every person, other than Plaintiff, who has contacted you to communicate a desire not to receive facsimile transmissions.

**ANSWER:**

12.     If you contend you had "prior express invitation or permission" from Plaintiff (or any other person you believes was associated with telephone number 304-744-4343) to send facsimiles at the time of any facsimile transmissions sent to telephone number 304-744-4343, then fully identify each person involved in obtaining such "prior express invitation or permission," all facts supporting the existence of such "prior express invitation or permission," the date(s) on which such "prior express invitation or permission" was obtained, and each person involved in maintaining a log or other record of such "prior express invitation or permission."

**ANSWER:**

13.     If Defendants contend they had "prior express invitation or permission" from any member of the putative class to send facsimiles, then fully identify each person involved in obtaining such "prior express invitation or permission," all facts supporting the existence of such "prior express invitation or permission," the date(s) on which such "prior express invitation or permission" was obtained, and each person involved in maintaining a log or other record of such "prior express invitation or permission."

**ANSWER:**

14.     Fully identify every person, other than Plaintiff, who has contacted you to communicate a desire not to receive facsimile transmissions.

**ANSWER:**

15.     Fully identify each person who was involved in handling or responding to removal or opt out request(s) for any advertisement during the Relevant Time Period.

**ANSWER:**

16.     Describe in detail how you obtained or developed a list of persons and/or telephone numbers to which telephone calls have been initiated by or on behalf of you that utilized a facsimile transmission identified in response to Interrogatory No. 2.

**ANSWER:**

17.     If you instructed any person to construct, develop, purchase, or otherwise use a list of persons and/or telephone numbers to send any facsimile transmission referred to in Interrogatory 2, describe in detail all directions and/or instructions given to such third party for determining the contents of such a list.

**ANSWER:**

18.     Identify any entity other than you that operated the equipment used to send any facsimile transmissions identified in response to Interrogatory No. 2.

**ANSWER:**

19.     State the full caption, including court term, civil action number and jurisdiction, of each lawsuit asserting a TCPA claim filed against you.

**ANSWER:**

20.     Identify every person who benefits from or received revenue from the sale of products, goods, or services that are the subject of each of the one faxes attached as Exhibit A to Plaintiff's Complaint and any document sent by fax referred to in Interrogatory 2.

**ANSWER:**

21.     Identify each fact witness whom you may call as a witness and state in detail the subject matter of each witness' knowledge of the facts in this case.

**ANSWER:**

22.     Identify each opinion witness whom you may call as a witness and state in detail the opinion each witness will provide at trial.

**ANSWER:**

_____
One of Plaintiff's Attorneys

Brian J. Wanca
Ryan M. Kelly
Ross M. Good
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
Telephone: 847/368-1500
Email: bwanca@andersonwanca.com
rkelly@andersonwanca.com
rgood@andersownwanca.com

## CERTIFICATE OF SERVICE

I, the undersigned, state that on March 24, 2017, I served a true and correct copy of *Plaintiff's First Set of Interrogatories Directed to Each Defendant* on the party listed below via:

☐ U.S. mail, by depositing it in the U.S. mail at Rolling Meadows, IL, at or before 5:00 p.m., with proper postage prepaid to the address listed below;

☐ Overnight delivery to the address listed below;

☐ Facsimile machine from Rolling Meadows, IL, to the telephone number listed below;

☑ Electronic mail to the email address(es) listed below.

David M. Schultz
John P. Ryan
Hinshaw & Culbertson LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois 60601-1081
Facsimile: 312/704-3001
Email: dschultz@hinshawlaw.com
jryan@hinshawlaw.com

[X] Under penalties as provided by law pursuant
to 28 U.S.C. § 1746(2), I certify that the
statements set forth herein are true and correct.

_____

Brian J. Wanca
Ryan M. Kelly
Ross M. Good
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
Telephone: 847/368-1500
Email: bwanca@andersonwanca.com
rkelly@andersonwanca.com
rgood@andersonwanca.com