## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| E&G, INC., a West Virginia Corporation, individually and as the representative of a class of similarly-situated persons, | ) ) ) | |
| | ) | Case No. 17-CV-1011 |
| Plaintiff, | ) | |
| | ) | Hon. Jorge L. Alonso |
| v. | ) | |
| | ) | |
| AMERICAN HOTEL REGISTER COMPANY, an Illinois Corporation and JOHN DOES 1–5, | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff E & G, Inc. brings a putative class action complaint against defendant American Hotel Register Company and five unnamed defendants, alleging violations of the Telephone Consumer Protection Act of 1991 ("TCPA"), as amended by the Junk Fax Prevention Act of 2005 ("JFPA"), 47 U.S.C. § 227. Before the Court is defendant's motion to strike plaintiff's class allegations. For the reasons set forth below, the motion [13] is denied.

## BACKGROUND

On December 1, 2015, plaintiff received an unsolicited fax from defendant in violation of the TCPA. Plaintiff alleges that at least 40 other recipients received the same or similar fax in violation of the TCPA. Plaintiff seeks to represent a class consisting of:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendants, (3) from whom Defendants did not obtain "prior express invitation or permission" to send fax advertisements, and (4) with whom Defendants did not have an established business relationship, and/or (5) which did not display a proper opt-out notice.

Plaintiff seeks to certify a class, pursuant to Federal Rules of Civil Procedure 23(b)(1), (b)(2) and (b)(3), that includes but is not limited to the fax advertisements sent to Plaintiff.

## STANDARD

Generally, a class action is a departure from "the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S.

338, 348 (2011). Since class certification is a demanding standard, a court will only be satisfied that certification is proper, "after a rigorous analysis [shows] that the prerequisites of Rule 23(a) have been satisfied." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982). The timing of class certification is governed by Rule 23(c)(1)(A), which states that a court can, "at an early practicable time after a person sues or is sued as a class representative, . . . determine by order whether to certify the action as a class action." *See Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 563 (7th Cir. 2011) (explaining that Rule 23(c)(1)(A) determines when class certification is proper). But courts must still proceed cautiously when certifying a class. *See generally Charles Alan Wright et al.*, Federal Practice and Procedure § 1785 (3d ed. 2017) (explaining that a court must carefully consider a broad array of issues when deciding when to certify a class).

A motion to strike class allegations tests whether the controversy can proceed as a class action. *Cholly v. Uptain Group, Inc.*, No. 15 C 5030, 2017 WL 449176, at *3 (N.D. Ill. Feb. 1, 2017) (citing *Wright v. Family Dollar, Inc.*, No. 10 C 4410, 2016 WL 4962838 (N.D. Ill. Nov. 30, 2010)). Such a motion may only be granted when, given the facts as pleaded, there is no possible way for those facts to sustain a class action. *Hill v. Wells Fargo Bank, N.A.*, 946 F. Supp. 2d 817, 830 (N.D. Ill. 2013); *citing* McLaughlin on Class Actions § 3:4 (14th ed. 2012) ("courts have held that motions to strike should not be the norm, but are appropriate when the unsuitability of class treatment is evident on the face of the complaint"). In other words, a court may grant a motion to strike class allegations when a plaintiff's class allegations are facially and inherently deficient. *Buonomo v. Optimum Outcomes, Inc.*, 301 F.R.D. 292, 295 (N.D. Ill. 2014). But "a class determination decision generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Boatwright v. Walgreen Co.*, 10 C 3902, 2011 WL 843898, at *2 (N.D. Ill. Mar. 4, 2011) (citing *Falcon*, 457 U.S. at 160 (1982)).

## DISCUSSION

Defendant American Hotel moves to strike plaintiff's class allegations, arguing that the class definition qualifies as an improper fail-safe class, the proposed class fails to meet the requirements under Rule 23(b)(2), and the proposed class is overly broad and does not meet the requirements of typicality. Plaintiff responds that defendant's motion is premature, the fail-safe argument is not a basis to strike the class allegations, the Court should decide the appropriateness of certification under Rule 23(b)(2) when/if plaintiff seeks certification, and plaintiff's typicality argument is legally deficient and improperly assumes facts not in evidence.

*Fail-Safe Class*

Defendant American Hotel says plaintiff's proposed class is an improper fail-safe class and should therefore be stricken. Plaintiff responds that it would be improper for the Court to strike its class definition at the pleading stage. At the pleading stage, striking class allegations may be improper and premature because courts are "not equipped with the information needed to conduct the rigorous analysis required to determine whether Rule 23's requirements have been satisfied." *Boatwright*, 2011 WL 843898, at *2; *see Wal-Mart*, 564 U.S. at 349-50; *see also Murdock-Alexander v. Tempsnow Emp't*, No. 16 C 5182, 2016 WL 6833961 (N.D. Ill. Nov. 21, 2016) (denying motion to strike class allegations as premature); *Buonomo*, 301 F.R.D. at 299-

300 (denying motion challenging commonality and predominance requirements as premature). While the Court has some concerns about the definition of plaintiff's proposed class—that it may indeed be an improper fail-safe class—the Court will not strike it at this time. Instead, the Court will allow plaintiff to amend its class definition if or when plaintiff moves for class certification.

*Rule 23(b)(2)*

Defendant American Hotel next argues plaintiff's proposed class under Rule 23(b)(2) must be stricken because plaintiff primarily seeks money damages rather than injunctive relief. Plaintiff responds that its allegations are sufficient under Rule 23(b)(2) and that it would be premature for the Court to rule on this issue. Rule 23(b)(2) certification is proper "when the party opposing the class has acted or refused to act on grounds that apply generally to the class, so . . . injunctive relief is appropriate respecting the class as a whole." Fed. R. Civ. Pro. 23(b)(2). In other words, when the main relief sought is injunctive or declaratory, and money damages are merely incidental to that relief, then the action can be maintained as a Rule 23(b)(2) class. *Wolfkiel v. Intersections Ins. Services Inc.*, 303 F.R.D. 287, 293 (N.D. Ill. 2014); *Cholly*, 2015 WL 9315557, at *3 (N.D. Ill. Dec. 22, 2015). But when the action entitles each class member to an individualized award of monetary damages, then relying on Rule 23(b)(2) is not proper. *Wal-Mart*, 564 U.S. at 360-61. Here, the Court has some concerns about plaintiff's proposed class and whether the relief sought is primarily monetary damages. Nevertheless, the Court will allow plaintiff to amend if necessary and will reserve judgment on this issue until the class-certification stage.

*Typicality*

Defendant also argues that plaintiff's claims do not share the same essential characteristics as those of the putative class and are not typical of other proposed class members' claims. Defendant challenges whether the parties had an established business relationship and whether plaintiff would be able to represent members who did not have an established business relationship with Wyndam. Plaintiff responds that it should be allowed to engage in discovery and that this issue can be resolved at the class-certification stage. Typicality requires the plaintiff's claims to be "typical of the claims . . . of the class." Fed. R. Civ. Pro. 23(a)(3). Typicality asks whether the "named representatives' claims have the same essential characteristics as the claims of the class at large." *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). In other words, "a plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Id.* (citing H. Newberg, *Class Actions* § 1115(b) at 185 (1977)). Typicality is analyzed in reference to the defendant's actions. *Wagner v. NutraSweet Co.,* 95 F.3d 527, 534 (7th Cir. 1996). A plaintiff's claim will fail the typicality requirement if the claim is unique or has unique defenses. *See generally* Wright, *supra* at § 1764. Once again, although defendant has identified some potential problems with plaintiff's proposed class, the Court will allow the parties to proceed with discovery and will reserve judgment on this issue until the class-certification stage.

## CONCLUSION

For the aforementioned reasons, defendant's motion to strike plaintiff's class allegations [13] is denied, and the stay on discovery is lifted. Status hearing set for April 11, 2018 at 9:30 a.m. The parties are directed to confer and prepare a written report updating the Court on the status of the case. The report should be filed three days before the next status hearing.

**SO ORDERED.**

**ENTERED: March 15, 2018**

**HON. JORGE ALONSO**
**United States District Judge**